FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 16 2000

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPHINE T. BAILEY,

    Plaintiff,

v.                                           Civ. No. 99-940 RLP/WWD

OFFICERS L. TOWNSEND and
M. RUNYAN, in their individual and
official capacities, and the CITY OF
ALBUQUERQUE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants Townsend's and Runyan's Motion for Partial Summary Judgment, seeking dismissal of Plaintiff's Fourth Amendment Illegal Search and Tort Claims for False Imprisonment on the basis of qualified immunity for the two officers. Because the court finds there are genuine issues of disputed and material fact, the Motion is denied.

Warrantless arrests are permissible under the Fourth Amendment when the officer has probable cause to believe the individual has committed a crime.

> "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."

*Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995)(quoting *Jones v. City & County of Denver*, 854 F.22d 1206, 1210 (10th Cir. 1988)).

An officer will be granted qualified immunity for his warrantless arrest "'if a reasonable officer could have believed that probable cause existed to arrest' the plaintiff."

*Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)). Even if the officer wrongly concludes that probable cause exists, he is still entitled to immunity if his conclusion was reasonable. *Id.*

Briefly stated, Plaintiff was arrested at 3:30 a.m. on June 26, 1999 for criminal trespass. Plaintiff states she was at the Furr's Supermarket parking lot to use the public telephone on the premises because her car had broken down on the highway. Plaintiff says that she did not see the "No Trespassing" signs. The two officers, on the other hand, say that she was on the premises in violation of the posted signs because all of the stores were closed at 3:30 a.m. They deny Plaintiff advised them she was there to use the telephone and instead argue that her car wasn't in the immediate vicinity.

The ordinance in question provides in pertinent part:

> Criminal trespass consists of unlawfully entering or remaining upon the lands or property of another knowing that any consent to enter or remain has been denied or withdrawn by the person or persons lawfully in possession of the premises . . . .

§ 12-2-3, attached as Exhibit D to Defendants' Memorandum in Support of Motion for Partial Summary Judgment.

As Plaintiff points out, one of the elements of criminal trespass is knowing that you are on another's property without consent. In addition to whether or not Plaintiff saw the posted signs, there is also the issue of whether a public pay telephone explicitly or implicitly provides the necessary consent. In any event, as framed and submitted by the parties, the issue of qualified immunity is inextricably wound up in a factual dispute: whether Plaintiff advised the officers she was there to use the public telephone on the

premises. This is clearly a jury question because the issue is one of credibility. If the jury believes Plaintiff, then the officers had no reasonable belief they were acting in accordance with the law; if the jury believes the officers, then they are entitled to qualified immunity. It is for the jury, not the court, to make that determination.

IT IS THEREFORE ORDERED that Defendants' Motion for Partial Summary Judgment [Doc. 27] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)